# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| JANE DOE T.L.J., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-00714-CV-RK |
| | ) | |
| UNIVERSITY OF CENTRAL MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Defendant's motion to dismiss for failure to state a claim (Doc. 4) and Plaintiff's motion for leave to file an Amended Complaint. (Doc. 7.) The motions are fully briefed. (Docs. 4, 5, 7, 8, 9, 11, 12, 14.) After careful consideration, the motion to dismiss (Doc. 4) is **GRANTED in part**. Plaintiff's Title IX claim is **DISMISSED**. Plaintiff's motion for leave to amend is **DENIED as moot**. The remainder of Plaintiff's claims are **REMANDED** to the Circuit Court of Johnson County, Missouri.

## Background[1]

Plaintiff filed her Complaint in state court on July 8, 2020, asserting seven counts: negligent supervision (Count I and II); negligent infliction of emotional distress (Count III); violations of Title IX (Count IV); general negligence (Count V); breach of contract (Count VI); and attorney's fees (Count VII). Plaintiff alleges that while participating in a study abroad program in Thailand through Defendant, University of Central Missouri, a fellow student, Alex Braud, sexually assaulted and raped Plaintiff. Following the assault, Plaintiff contacted Dr. Lubaroof, an employee of Defendant and a chaperone for the program, who then contacted Defendant. Upon Plaintiff's return to the United States, she participated in a Title IX investigation where Plaintiff alleges Defendant acted with deliberate indifference toward Plaintiff, which created a hostile educational environment and caused Plaintiff to transfer to another university.

## Legal Standard

Federal pleading rules provide that a pleading must contain "a short and plain statement of

---

[1] The following allegations are taken from the Complaint (Doc. 1-1) and accepted as true for purposes of this motion.

the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8's pleading standard must be read in conjunction with Rule 12(b)(6), which tests a pleading's legal sufficiency. To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wilson v. Ark. Dept. of Human Serv.*, 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation marks and citation omitted). While a complaint does not need to include detailed factual allegations, the complaint must allege more than a sheer possibility that a defendant acted unlawfully to survive a motion to dismiss. *Id.* at 371 (citation omitted). When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint must be accepted as true and construed in the light most favorable to the non-moving party. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).

## Discussion

Under Title IX, Defendant moves to dismiss Plaintiff's complaint on the grounds that: (1) Title IX does not apply extraterritorially to the alleged assault which occurred in Thailand; (2) Plaintiff does not sufficiently allege the elements of a Title IX claim. The Court will address each in turn.[2]

### I.    Title IX

Title IX, codified under 20 U.S.C. § 1681, states "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." Title IX prohibits discrimination on the basis of sex for individuals participating in federally funded educational programs and provides protections against sexual harassment or sexual discrimination. The question for this Court is the extraterritorial applicability of Title IX and whether the elements of the Title IX claim have been sufficiently pleaded.

#### A.    Title IX Does Not Apply Outside of the United States

The plain language of Title IX states, "[n]o person in the United States. . . ." 20 U.S.C.

---

[2] The Court notes that Defendant makes additional arguments to dismiss Plaintiff's Complaint. However, because the remaining claims will be remanded, the Court will not address them.

§ 1681(a). Defendant argues Plaintiff fails to meet jurisdictional requirements under Title IX as the acts in question occurred outside of the United States and the express language of the statute confines its application to persons in the United States.

In her opposition, Plaintiff relies on *King v. Board of Control of Michigan University*, where the Eastern District of Michigan held that Title IX can apply extraterritorially. 221 F. Supp. 2d 783 (E.D. Mich. 2002). The *King* court stated, "Title IX in broad language, not limited by any exception for study abroad programs, sweeps within its scope every single university education program." *Id.* at 788. However, *King* predates *Morrison v. National Australia Bank Ltd.*, where the Supreme Court held "legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States." 561 U.S. 247, 255 (2010).

Two other district court decisions after *King*, *Phillips v. St. George's University*, No. 07-CV-1555 (NGG), 2007 WL 3407728 (E.D.N.Y. Nov. 15, 2007) and *Archut v. Ross University School of Veterinary Medicine*, No. 10–1681 (MLC), 2012 WL 5867148 (D. N.J. Nov. 19, 2012), held that the federal law in question shall not have extraterritorial application. *Phillips*, also predating *Morrison*, held that Congress did not intend for Title IX to apply extraterritorially. *Phillips*, 2007 WL 3407728 at *4-5. *Archut*, relying on *Morrison* and affirmed by the Third Circuit, held that the Rehabilitation Act (RHA) and the Americans with Disabilities Act (ADA) did not apply extraterritorially because neither the plain text of the statutes nor any outside sources show an affirmative intention by Congress for the federal laws to have extraterritorial effect. 2012 WL 5867148 at *5-11. This Court finds *Archut* and *Phillips* more persuasive, especially in light of the Supreme Court's ruling in *Morrison*. *See also* Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 85 FR 30026-01 ("[B]y its plain text, the Title IX statute does not have extraterritorial application."). As such, the Court finds Title IX does not apply extraterritorially. Therefore, Plaintiff's claim under Title IX arising from events which occurred in Thailand fails.

**B.      Plaintiff has Not Otherwise Stated a Claim Under Title IX**[3]

Plaintiff alleges additional violations of Title IX surrounding the investigation by the Defendant when she returned to the United States.  For reasons below, these claims also fail.  Pursuant to *K.T. v. Culver-Stockton Coll.*, a defendant may be held liable for damages based on plaintiff's claim of sexual harassment "only where it is (1) deliberately indifferent (2) to known acts of discrimination (3) which occur under its control."  865 F.3d 1054, 1057 (8th Cir., 2017).  Further, "the discrimination must be 'so severe, pervasive, and objectively offensive that it can be said to deprive the victim[] of access to the educational opportunities or benefits provided by the school.'"  *Id.* (quoting *Davis Next Friend La Shonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 650 (1999).

"A school is deliberately indifferent when its 'response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances.'"  *Maher v. Iowa State Univ.*, 915 F.3d 1210, 1213 (8th Cir. 2019), *cert. denied*, 139 S. Ct. 2763, 204 L. Ed. 2d 1137 (2019) (quoting *Davis*, 526 U.S. at 648).  "This clearly unreasonable standard is intended to afford flexibility to school administrators."  *Id.* (citation omitted).  "Victims of peer harassment do not have a Title IX right to make particular remedial demands."  *Id.* (cleaned up).  Plaintiff alleges Defendant exercised deliberate indifference in handling the investigation stage of Plaintiff's claim, which took place in the United States.  Upon her return to the United States, Plaintiff alleges that Defendant failed to remain impartial in its investigation, inferring she had falsified her allegations, which led to her emotional distress and a negative effect on her body and mind, standing in her community, reputation, and relationships, ultimately subjecting her to a hostile educational environment.  Plaintiff also alleges that the assailant was only placed on academic probation and was allowed to remain on campus in the fall.  Finally, Plaintiff pleads Defendant failed to properly investigate Plaintiff's claims, remain impartial in the investigation, and inferred that Plaintiff falsified her allegations.  The Court is convinced these allegations sufficiently plead deliberate

---

[3] Because the Defendant cannot be liable under Title IX for any actions occurring in Thailand, the Court now considers whether the Plaintiff has stated a valid Title IX claim concerning the Defendant's response to Plaintiff's allegations.  *See Doe v. Hamilton Cty. Bd. of Educ.*, 329 F. Supp. 3d 543, 569 (E.D. Tenn. 2018) ("When a case is based on a sexual attack, liability for deliberate indifference can flow from two time periods.  Title IX liability can arise from either: (a) when a school exhibits deliberate indifference before a harassing attack on a student ... in a way that makes the student more vulnerable to the attack itself; or (b) when a school exhibits deliberate indifference after an attack, that causes a student to endure additional harassment.") (cleaned up)).

4

indifference.  However, for the reasons below, the claim still fails.[4]

As noted above, Plaintiff must allege and prove the discrimination was severe, pervasive, and objectively offensive.  *Culver-Stockton Coll.*, 865 F.3d at 1059.  "In theory, a single instance of sufficiently severe one-on-one peer harassment could be said to have such an effect, but we think it unlikely that Congress would have thought such behavior sufficient to rise to this level in light of the amount of litigation that would be invited by entertaining claims of official indifference to a single instance of one-on-one peer harassment."  *Id.* (cleaned up); *see also Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1297 (11th Cir. 2007) ("[D]iscrimination must be more widespread than a single instance of one-on-one peer harassment." (internal quotation marks omitted)).  As Plaintiff's Complaint is limited to a single incident of sexual assault, she cannot maintain a claim under Title IX and that claim will be dismissed.  *Id.*

## II.  Jurisdiction

A review of the notice of removal reveals that the Title IX claim was the only basis of federal jurisdiction.  Under 28 U.S.C. § 1367, a district court may decline jurisdiction over supplemental claims if it "has dismissed all claims over which it has original jurisdiction. . . ."  *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 598 (8th Cir. 2002) (quoting 28 U.S.C. § 1367(c)(3)).  A "district court maintains discretion to either remand the state law claims or keep them in federal court."  *Id.*  In *Lindsey*, the Eighth Circuit held "[u]pon dismissal of the federal claim, the district court did not err in remanding the supplemental claims to the state court."  In considering whether to remand remaining claims, the Court considers things such as "judicial economy, convenience, fairness, and comity."  *Swigert v. Royal Liquors, Inc.*, No. 07-0618-CV-W-HFS, 2007 WL 3376880, at *1 (W.D. Mo. Nov. 7, 2007) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)).  "Normally, though not mandatory, when the federal claims are disposed of before trial, these factors will lead a court to decline to exercise supplemental jurisdiction over the state law claims."  *Id.*

Here, the Court is dismissing the Title IX claim.  No other federal law claims exist, and the Court finds it appropriate to remand the remaining state-law claims based on the factors outlined

---

[4] The Court notes an actual knowledge requirement still exists for a Title IX claim alleging inadequate response.  The Court believes that a report of sexual assault to an appropriate person at the school would satisfy such a requirement.  However, the parties did not brief this specific issue, and the Court is unclear whether *Culver-Stockton Coll.* is directly applicable in this scenario.  As such, and because further discussion is not required, the Court declines to provide more detailed analysis on this element.

5

above.  The Court further notes that there are remaining issues in Defendant's Motion to Dismiss. As those issues involve questions of state law, the Court declines to rule on them.

**Conclusion**

Accordingly, and after careful consideration, the motion to dismiss (Doc. 4) is **GRANTED in part**.  Plaintiff's Title IX claim is **DISMISSED**.  Plaintiff's motion for leave to amend is **DENIED as moot**.  The remainder of Plaintiff's claims are **REMANDED** to the Circuit Court of Johnson County, Missouri.

**IT IS SO ORDERED**.


s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  December 28, 2020